COMMISSIONER OF INTERNAL REVENUE
v. AHLBORN et al.
No. 5533.

Circuit Court of Appeals, Third Circuit.
April 5, 1935.

THOMPSON, Circuit Judge, dissenting.

Frank J. Wideman, Asst. Atty. Gen., and Ellis N. Slack and Sewall Key, Sp. Assts. to Atty. Gen., for petitioner.

Andrew J. Whinery, of Newark, N. J., for respondents.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears the American Bronze Powder Manufacturing Company was a closed corporation held by three persons. William A. Smith, one of the three, held 12 per cent. of the stock and desired to sell, but consent was denied. As the company had $100,000 in liquid assets, it was, by proper corporate action, determined that the capital stock be reduced by $100,000 and that the company buy one-third of the shares of each shareholder and pay therefor in cash or securities. The Tax Board found and held: "That this redemption of stock in 1927 is not one coming within the provisions of section 201 (g) of the Rev-

enue Act of 1926 (26 USCA § 932 (g). Pearl B. Brown, 26 B. T. A. 901; Annie Watts Hill, 27 B. T. A. 73; Henry B. Babson, 27 B. T. A. 859; Shelby H. Curlee, 28 B. T. A. 773."

With that finding and conclusion we find ourselves in accord, as do we also with the finding and conclusion of the Board, viz.: "Upon careful consideration of all the evidence we are of the opinion that the capital stock of the American Bronze Powder Manufacturing Company had a fair market value on March 1, 1913, of not less than $193,857.07 and that the profit as computed by the taxpayer on the proceeds of the redemption of one-third of his stock in 1927 was correct."

So holding, the appeal of the Commissioner is dismissed and the order of the Board approved.

THOMPSON, Circuit Judge (dissenting).

I am constrained to dissent from the majority opinion. The respondents are the executors of the estate of Henry Ahlborn. The deceased was a stockholder in American Bronze Powder Manufacturing Company, a corporation. On March 1, 1913, the corporation had issued 200 shares of capital stock of a par value of $500 per share. The decedent owned 74 per cent. of the stock, and the remainder was owned by two minority stockholders in the ratio of 14 per cent. and 12 per cent. In 1916, the earnings of the corporation exceeded $250,000, and a stock dividend of 200 per cent. was declared, thus increasing the number of outstanding shares of capital stock to 600. The additional stock was distributed proportionately among the three stockholders. In 1927, the corporation reduced its capital stock by buying one-third of the holdings of each stockholder for which it paid $100,000 derived from the profits of the corporation not essential to its business. The decedent received as his share $74,000. In his 1927 income tax return he reported a profit of $26,312.15, which represented the difference between $74,-000 and one-third the alleged book value of his stock holdings in the corporation on March 1, 1913. The Commissioner treated the payment of $74,000 to the decedent as a cash dividend. The Board of Tax Appeals held that he erred in so doing.

The question is thus squarely presented as to whether the transfer by the decedent of the stock which he had received from the corporation in 1916 as a stock dividend constituted a redemption of stock under section 201 (g) of the Revenue Act of 1926 (26 USCA § 932 (g) so that the amount received by him was taxable as a dividend. I think this question should have been answered in the affirmative. This section provides: "If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. * * *"

The report of the Senate Committee on Finance (S. Rep. No. 52, 69th Cong. 1st Sess. p. 15) indicates that Congress intended to tax income received by a stockholder if it was equivalent to a cash dividend, even though the form used was that of a cancellation or redemption of capital stock by the corporation. In the instant case, the proportionate holdings of the stockholders remained the same at all times. Their proportionate interests in the assets of the corporation were undisturbed by the redemption of one-third of their shares of stock. The payment to them of profits accumulated by the corporation and not necessary to the conduct of the corporation's business was equivalent to a cash dividend, and in my view was taxable as income.

I think that the order of the Board of Tax Appeals should be reversed.